AMES BANK, A CORPORATION, APPELLEE, v. PACENCO, INC., DOING BUSINESS AS BENSON CAR SALES, A CORPORATION, ET AL., APPELLANTS.

272 N. W. 2d 271

Filed December 6, 1978. No. 41736.

John M. DiMari and William R. Gores of Respeliers & DiMari, for appellants.

J. Michael Coffey and Lee H. Hamann of The Law Offices of Emil F. Sodoro, P.C., for appellee.

Heard before SPENCER, C. J., PRO TEM., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

Boslaugh, J.

This was a suit on a promissory note executed by the defendant, Pacenco, Inc., and a guaranty agreement executed by the defendants, Paul C. Centineo and Marjorie I. Centineo. The plaintiff filed a motion for summary judgment on the grounds that the pleadings showed there was no genuine issue as to any material fact and the plaintiff was entitled to judgment as a matter of law.

The defendants' answer alleged a failure of consideration for the note and a general denial. After the motion for summary judgment had been filed the defendants filed a cross-petition alleging that the plaintiff and the defendants had been engaged in a course of dealing for a period of 10 years or more; that as a part of that course of dealing the defendants borrowed money from the plaintiff to purchase automobiles; that the plaintiff extended the notes of the defendants beyond their maturity dates, if necessary, until the automobiles financed by the notes had been sold; that as a part of the consideration for the guaranty agreement the plaintiff had agreed to extend a line of credit to the defendants in the amount of $100,000; and that on or about May 1, 1976, the plaintiff unreasonably and without good cause withdrew the defendants' line of credit damaging the defendants and rendering them unable to properly operate their business and pay their obligations to the plaintiff and others. The plaintiff's answer to the cross-petition was substantially a general denial.

At the hearing on the motion for summary judgment the plaintiff introduced the note and guaranty agreement, admissions of the defendants, and other evidence which established that the plaintiff was entitled to recover on the note and guaranty agreement. No evidence was introduced relating to the cross-petition other than the cross-petition itself which was offered by the defendants.

The trial court found that the plaintiff's motion

should be sustained and that the plaintiff should recover the sum of $10,534.35 with interest from the defendants. There was no finding or order which referred to the cross-petition.

The purpose of a motion for summary judgment is to pierce the allegations of a pleading and show conclusively that the controlling facts are otherwise than as alleged. The plaintiff did this with respect to the answer and established that it was entitled to summary judgment on the petition.

With respect to the cross-petition there was a complete failure to pierce its allegations. The plaintiff did not establish a right to summary judgment on the cross-petition. As we interpret the record the judgment of the trial court was in the nature of a partial summary judgment. The trial court did not dismiss the cross-petition and it is still pending in the District Court.

The judgment for the plaintiff on the petition is affirmed. The cause is remanded for further proceedings on the cross-petition.

JUDGMENT ON PETITION AFFIRMED.
CAUSE REMANDED FOR FURTHER
PROCEEDINGS ON DEFENDANTS'
CROSS-PETITION.